**David R. KNOLL, Plaintiff–Appellant,**

v.

**Harold SCHECTMAN, Brian Schectman, Donald Lardner, and Donna Mikula, Defendants–Appellees.**

No. 06–1832–cv.

United States Court of Appeals, Second Circuit.

April 25, 2008.

Stephen L. Braga, Courtney C. Gilligan, Baker Botts LLP, Washington, DC, for Appellant.

Krista Gottlieb, Mattar D'Agostine & Gottlieb LLP, Buffalo, NY, Carol Heckman, A. Paul Britton, Harter Secrest & Emery LLP, Rocester, NY, for Appellees.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER, Hon. J. GARVAN MURTHA,* Circuit Judges.

**SUMMARY ORDER**

Plaintiff-appellant David R. Knoll appeals from the judgment of the district court dismissing his amended complaint alleging conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") statute in violation of 18 U.S.C. § 1962(d). We assume the parties' familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

In *Discon, Inc. v. NYNEX Corp.*, 93 F.3d 1055 (2d Cir.1996), *vacated on other grounds*, 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998), it was noted that "[a]ny claim under section 1962(d) based on a conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient." *Id.* at 1064 (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1191 (3d Cir.1993)), *vacated on other grounds*, 525 U.S. 128, 119 S.Ct. 493, 142 L.Ed.2d 510 (1998). Therefore, although the plaintiff does not make a separate claim alleging a substantive RICO violation, we must nonetheless determine whether the plaintiff has adequately pleaded a substantive RICO violation supporting the claim of RICO conspiracy.

"[U]nder any prong of § 1962, a plaintiff in a civil RICO suit must establish a pattern of racketeering activity. To survive a motion to dismiss, this pattern must be adequately alleged in the complaint." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir.2008) (citation and internal quotation marks omitted). The pattern of racketeering activity alleged by the plaintiff consists of instances of wire fraud, in violation of 18 U.S.C. § 1343, and mail fraud, in violation of 18 U.S.C. § 1341, which are subject to the heightened pleading requirements of Fed. R. Civ. Proc. 9(b). *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir.2004).

The predicate acts of mail and wire fraud alleged by the plaintiff do not meet Rule 9(b)'s heightened pleading standard, for we require that such allegations "state the contents of the communications, who was involved, where and when they took place, and explain why they were fraudulent." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir.1993). Although the amended complaint sets forth the

dates, locations, senders and recipient of the allegedly fraudulent communications, its assertions as to their contents and the reason each communication was fraudulent are conclusory. Describing a predicate fraud only as "fraudulent accounting" or "fraudulent Escrow accounting statement" or "complaint ... containing numerous false statements and instances of perjury" or "fraudulent statement of purchase of mortgage", as the plaintiff does, is insufficient. These are the kind of conclusory allegations that Rule 9(b) is meant to dissuade. The amended complaint's general descriptions of fraud suffered by the plaintiff do not save it, for the complaint offers no indication how they are specifically related to the allegations of wire and mail fraud.

Because the plaintiff has failed to allege a substantive violation of RICO, the complaint's single claim of RICO conspiracy also fails.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.